UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VIRGIN MARTINEZ | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CAUSE OF ACTION NO. |
| | § | 1:20-cv-122 |
| JOHN FULILOVE and DAVID MARTINEZ, in their individual capacities | § § § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Virgil Martinez brings this 42 U.S.C. § 1983 case against Defendants John Fulilove and David Martinez, officers of the Lockhart Police Department, because the officers falsely arrested Plaintiff without probable cause.

### I.   PARTIES

1. Plaintiff Virgil Martinez is a resident of Lockhart, Texas, in Caldwell County.

2. Defendant John Fulilove is a police officer with the Lockhart Police Department, and is sued in his individual capacity for compensatory damages. He can be served with process at 214 Bufkin Lane, Lockhart, Texas 78644. At all relevant times, Officer Fulilove was acting under color of law as a Lockhart Police Department officer.

3. Defendant David Martinez is a police officer with the Lockhart Police Department, and is sued in his individual capacity for compensatory damages. He can be served with process at 214 Bufkin Lane, Lockhart, Texas 78644. At all relevant times, Officer D. Martinez was acting under color of law as a Lockhart Police Department officer.

## II.   Jurisdiction and Venue

4. This Court has federal question jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 and 1343.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1), as all relevant events occurred in this division, and all Defendants reside in this state.

## III.   Facts

6. Defendants Fulilove and D. Martinez, officers of the Lockhart Police Department, arrested Plaintiff V. Martinez without probable cause, and when they knew V. Martinez's conduct did not violate any law.

7. Fulilove and D. Martinez were investigating an alleged hit-and-run. A truck had backed up into a car at the parking lot of a local grocery store, then left the scene without providing the purported victim contact information to repair the slight damage.

8. Fulilove and D. Martinez believed that Plaintiff V. Martinez's truck matched the description of the truck involved in the alleged hit-and-run.

9. Fulilove and D. Martinez arrived at Plaintiff V. Martinez's home, knocked, and asked him to come to the door. Plaintiff V. Martinez complied.

10. Fulilove and D. Martinez asked to see Plaintiff V. Martinez's truck. Plaintiff showed them the truck, which was parked in plain view on his driveway.

11. At this point, Fulilove and D. Martinez asked Plaintiff V. Martinez to identify himself, and show them identification. Plaintiff V. Martinez told the officers his name, but no other information, as is his legal right.

12. In Texas, the offense of "failure to identify" is only committed when the subject already under arrest for another offense. Texas Penal Code § 38.02 clearly states "a person commits an

offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer *who has lawfully arrested the person* and requested the information."

13. Though Plaintiff V. Martinez had not committed any other offense, and Defendants had no probable cause to arrest him for any other offense, the Defendants arrested him anyway solely for the offense of "failure to identify" – though they completely lacked probable cause to support a necessary element of the offense.

14. As a consequence, Plaintiff V. Martinez was arrested and imprisoned over night.

### IV.    CAUSE OF ACTION – FOURTH AND FOURTEENTH AMENDMENT FALSE ARREST AND DELIBERATE FABRICATION

15. Defendants Fulilove and D. Martinez caused Plaintiff V. Martinez to be arrested for failure to present identification even though they knew (as any reasonable officer in their positions would have known), that they lacked probable cause to make such an arrest.

16. Fulilove and D. Martinez deliberately fabricated material information in an arrest affidavit that cause V. Martinez to be falsely charged with failure to present identification, and arrested. Fulilove and D. Martinez's conduct was shocking, objectively unreasonable, and plainly incompetent.

17. Fulilove and D. Martinez caused V. Martinez to be arrested on charges they knew were not supported by the law or the evidence, and failed to establish probable cause.

18. Fulilove and D. Martinez's conduct was objectively unreasonable, violated V. Martinez's clearly established right to be free from false arrest on deliberately fabricated charges, and proximately caused Plaintiff to suffer damages. Accordingly, Fulilove and D. Martinez are liable for compensatory and punitive damages under 42 U.S.C. § 1983.

19. Fulilove and D. Martinez were acting under color of law at all relevant times.

## V. DAMAGES

20. Plaintiff Martinez seeks the following damages:

   a. Past and future economic damages, including lost earnings and earning capacity;

   b. Past and future mental anguish;

   c. Attorneys' fees, including costs, expert fees, and attorneys' fees pursuant to 42 U.S.C. § 1988;

   d. Past and future damages for injury to Plaintiff's character and reputation;

   e. Pre-judgment and post-judgment interest at the highest rates allowable under the law;

   f. All other compensatory and/or general damages to which Plaintiff Martinez is entitled under state or federal law; and,

   g. Punitive damages in the highest amount allowed by law.

## VI. JURY DEMAND

21. Plaintiff respectfully requests a trial by jury.

## VII. PRAYER FOR RELIEF

22. To right this grave injustice, Plaintiff requests the Court:

   a. Award compensatory and punitive damages to the Plaintiff, against Defendant;

   b. Award Plaintiff costs, including expert fees and attorneys' fees pursuant to 42 U.S.C. § 1988;

   c. Award pre-judgement and post-judgment interest at the highest rate allowable under the law; and,

   d. Award and grant such other just relief as the Court deems proper.

Respectfully submitted,

**EDWARDS LAW**
1101 East Eleventh Street
Austin, Texas 78702
Tel.  (512) 623-7727
Fax. (512) 623-7729

By      /s/ Jeff Edwards
       JEFF EDWARDS
       State Bar No. 24014406
       jeff@edwards-law.com
       SCOTT MEDLOCK
       State Bar No. 24044783
       scott@edwards-law.com
       DAVID JAMES
       State Bar No. 24092572
       david@edwards-law.com
       MIKE SINGLEY
       State Bar No. 00794642
       mike@edwards-law.com


**ATTORNEYS FOR PLAINTIFF**